IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCES JEAN LOUIS<br><br>　　　　　PLAINTIFF,<br><br>　　v.<br><br>RUIS INVENTORY SPECIALISTS, LLC<br><br>　　　　　DEFENDANT. | CIVIL ACTION<br><br>No. 08-2662 |

March 3 , 2010

## MEMORANDUM

Plaintiff Frances Jean-Louis was discharged from RGIS Inventory Specialists, LLC,[1] defendant, on December 13, 2006. On December 20, 2007, she filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Rights Commission ("PHRC"). On March 10, 2008, the EEOC issued a Right-to-Sue letter. On June 16, 2008, plaintiff filed a *pro se* complaint in this court. On August 26, 2008, defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. After

---

[1] Defendant is identified as "Ruis Inventory Specialists, LLC" in this caption. This appears to be an error dating back to the first filing in this court.

retaining counsel, plaintiff filed an amended complaint on April 1, 2009 containing four counts of discrimination in violation of the following statutes: Title VII of the Civil Rights Act of 1964 (Count I), 42 U.S.C. § 2000e et seq. as amended 1991; the Civil Rights Act of 1866 (Count II), 42 U.S.C. § 1981; the Pennsylvania Human Relations Act ("PHRA") (Count III), 43 P.S. § 951 et seq. as amended 1991; and the Pennsylvania Wage Payment Collection Law (Count IV), 43 P.S. § 260.1 et seq. I denied as moot defendant's original motion to dismiss on April 8, 2009, and on April 15, 2009, defendant filed a new motion to dismiss pursuant to Rule 12(b)(6) on the grounds that Counts I and III are time-barred.

## I. Background

Plaintiff began working for defendant on January 31, 2005. Am. Compl. ¶ 5. She was originally hired as an "Auditor," but was eventually promoted to the position of "Manager." Am. Compl. ¶¶ 5-6. Plaintiff was discharged from employment on December 13, 2006. Am. Compl. ¶ 19. On July 31, 2007, plaintiff submitted a letter to the EEOC alleging that defendant had engaged in discriminatory acts against her. Pl. Ans. Ex. A ("Plaintiff's Letter dated July 31, 2007"). On September 6, 2007, the EEOC responded to plaintiff's correspondence, stating that it was "not sufficient for filing a charge of discrimination" and suggesting a follow-up interview. Pl. Ans. Ex. B ("EEOC Letter dated September 6, 2007"). The interview was scheduled for December 19, 2007. Pl. Ans. Ex. B ("EEOC Appointment"). The following day, December 20, plaintiff filed

a verified Charge of Discrimination with the EEOC and the PHRA. Am. Compl. ¶ 2.

Defendant moves to dismiss under Rule 12(b)(6) on the ground that Counts I and III are time-barred because plaintiff did not meet the 300-day statute of limitations for filing an administrative charge with the EEOC. Defendant contends that the Charge of Discrimination jointly filed with the EEOC and the PHRA on December 20, 2007, which was filed 372 days after plaintiff's termination, was thus untimely. Plaintiff counters that this court should treat the July 31, 2007, letter she sent to the EEOC as an administrative charge, and thus hold that the charge was timely filed.

## II. Discussion

In deciding a motion to dismiss, the court is required to accept "all facts pleaded as true and draw all reasonable inferences in favor of the plaintiffs." *Oshiver*, 38 F.3d at 1391-92. A district court may review a statute of limitations defense under a Rule 12(b)(6) motion to dismiss when the complaint "facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

A suit alleging discrimination in violation of Title VII may be filed subsequent to (1) the timely filing an administrative charge with the EEOC and (2) receipt of a "right-to-sue" letter. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). Title VII provides that the charge must be filed with the EEOC within 180 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1). However, Title VII further provides that, in

states that have parallel state or local laws "prohibiting the practice alleged and establishing or authorizing the state or local authority to grant or seek relief from practices prohibited under Title VII" the statute of limitations for filing an EEOC claim is extended to 300 days. 42 U.S.C. § 2000e-5(d).

Pennsylvania, which provides a parallel system of adjudication employment discrimination claims,[2] is considered one of these "deferral states." *Seredinski v. Clifton Precision Products Co., Div., of Litton Systems, Inc.*, 776 F.2d 56, 61 (3d Cir. 1985) ("It is undisputed that Pennsylvania is a deferral state, as the PHRC's jurisdiction substantially overlaps with the EEOC's."). Accordingly, the statute of limitations for filing an EEOC claim in Pennsyvlania is 300 days. *Gharzouzi v. Northwestern Human Services of Penn.*, 225 F.Supp.2d 514, 521 (E.D.Pa. 2002) (noting that Pennsylvania plaintiff had "not 180 but 300 days from the date of the alleged unlawful employment practice to file his/her charge of discrimination with the EEOC"); *Oshiver*, 38 F.3d at 1385 ("Title VII . . . allows a plaintiff to bring suit within 180 days after the alleged act of discrimination; however, if the plaintiff initially filed a complaint with a state or local agency with authority to adjudicate the claim, he or she is allotted 300 days . . . ").

In this case, plaintiff does not argue that the December 20, 2007 Charge of

---

[2] Pennsyvlania has enacted a system, known as the "workshare agreement," whereby claims can be dual-filed with the EEOC and the PHRA. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 925-27 (3d Cir. 1997) (describing substance and effect of agreement).

Discrimination complies with the 300-day statute of limitations. Instead, plaintiff asserts that the July 31, 2007 letter she submitted to the Philadelphia office of the EEOC satisfies the requirements of an administrative charge under the federal statute and should be treated as such. Pl. Br. Opp. D. Mot. 8.[3] A holding that the letter satisfies the agency's requirements would put plaintiff squarely within the required deadline.

Accordingly, I must determine whether the July 31, 2007 letter satisfies Title VII's statutory requirements for the filing of an "administrative charge." The filing of a Title VII administrative charge must be "in writing under oath or affirmation and shall contain such information and be in such form as the [EEOC] requires." 42 U.S.C. § 2000e-5(b). The charge shall also be "verified." 29 C.F.R. § 1601.9. A charge is considered "verified" when it is "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a).

A "charge" must also contain certain information. *See* 29 C.F.R. § 1601.12(a). It should provide:

> (1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7;

---

[3] Plaintiff contends that the letter satisfies Title VII's regulations because it: (1) clearly identifies the parties, (2) clearly identifies the alleged discriminatory practices, and (3) was filed in compliance with EEOC regulations. Pl. Ans. ¶3.

> (2) The full name and address of the person against whom the charge is made, if known . . .
> (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b);
> (4) If known, the approximate number of employees of the respondent employer . . .
> (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

29 C.F.R. § 1601.12(a)(1)-(5). However, an exception to these requirements also exists: "[n]otwithstanding" Section 1601.12(a)(1)-(5), "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).

I turn to whether plaintiff's July 31, 2007 letter constitutes a "charge" for purposes of filing with the EEOC. Ex. A. Plaintiff's document is a three-page typed letter addressed to the EEOC at its Philadelphia address. Ex. A. It is on letterhead providing plaintiff's name, address, and telephone number. Ex. A. The letter bears the date "July 31, 2007." The subject of the letter is "RGIS Inventory Specialist/ 544 Pusey Ave/ Clifton Heights, PA 19064." The letter also identifies "RGIS Inventory Specialist" as the "Former Employer" and provides a second subject title, "Filing charges of discrimination based on race and gender." The top of the letter contains a time stamp of "Tuesday, July 31, 2007, 5:01 PM" and a fax number for the EEOC office in Philadelphia. Plaintiff's

letter consists of 15 paragraphs which detail the alleged discriminatory acts in which her employer engaged. She identifies at least nine specific incidents involving her immediate supervisor and describes the actions he took, his behavior towards her, and statements he allegedly made. These incidents are categorized by month and year. Finally, plaintiff alleges that her employer "showed partiality to groups of employees that was akin to his skin color and race" and that he discriminated against plaintiff on the basis of her "race and gender."

In interpreting plaintiff's July 31, 2007 submission, I "bear in mind that the charge-filing provisions are to be liberally construed." *Rabzak v. Berks County* *815 F.2d 17* (3d Cir. 1987) (unverified letter sent to EEOC satisfied statutory requirements set forth in Title VII). In this case, the letter on its face contains the information required in subsections (1) and (2) of 29 C.F.R. § 1601.12(a)–namely, plaintiff's full name, address, telephone number, and the name and address of the organization against whom the claim is made. Plaintiff's letter also includes a "clear and concise statement of the facts" as required by subsection (3). 29 C.F.R. § 1601.12(a)(3). The letter does not, however, include (4) the approximate number of employees or (5) any information about whether plaintiff had initiated state proceedings. 29 C.F.R. § 1601.12(a)(4)-(5). Nevertheless, the absence of this information does not require

rejection of plaintiff's letter.[4]

However, the July 31, 2007 letter is not "verified." EEOC regulations state that a charge "be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. Although verification is a "statutorily required element of an EEOC charge," the Third Circuit has held that "it is not a jurisdictional prerequisite for suit." *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 262-63 (3d Cir. 2006). Relying in part on *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 113 (2002), the Third Circuit held that "the verification requirement . . . should be subject to waiver 'when equity so requires.' " *Buck*, 452 F.3d at 263. The Supreme Court cautioned in Edelman that, while "the verification provision is meant to provide some degree of insurance against catchpenny claims of disgruntled, but not necessarily aggrieved, employees. . . . Congress presumably did not mean to affect the nature of Title VII as a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process." 535 U.S. at 113 (quotation and citation omitted).

Thus, I conclude that in this instance "the verification requirement . . . should be" waived: plaintiff submitted her letter to the EEOC *pro se*; the letter contains clear and specific allegations of discrimination; and, most importantly, plaintiff subsequently filed a formal, verified Charge of Discrimination on December 20, 2007 and a verified Complaint in this court on June 6, 2008. Thus, defendant is not prejudiced by the lack of

---

[4] With regards to 29 C.F.R. § 1601.12(a)(4), the regulations only provide that a plaintiff must allege the number of employees, if that information is known to the plaintiff. Initiating state proceedings is not required for the filing of an EEOC claim.

verification in this case.

Accordingly, I conclude that plaintiff's initial submission satisfied all of the requirements for a charge under the Title VII regulations and was filed within the 300-day statute of limitations.

### III.  Conclusion

For these reasons, I will deny defendant's motion to dismiss Counts I and III.